**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

ANDRE MIKE BERRY,

      Defendant–Appellant.

No. 12-6088
(D.C. Nos. 5:11-CV-00886-F and
5:10-CR-00073-F-1)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILTY**[*]

---

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

Andre Berry, a federal prisoner appearing pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 habeas

petition. We deny a COA and dismiss the appeal.

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Berry pled guilty to one count of possession with intent to distribute crack cocaine, one count of possession with intent to distribute marijuana, and two counts of being a felon in possession of a firearm.  As part of his plea agreement, Berry waived the right to challenge his conviction or sentence on appeal or collateral review.  Shortly after Berry entered his plea, Congress enacted the Fair Sentencing Act of 2010 ("FSA"), Pub. L. 111-220, 124 Stat. 2372, prompting the district court to abate Berry's sentencing pending promulgation of new sentencing Guidelines.  Later that year, the Sentencing Commission revised the Guidelines to reflect the FSA, and the district court proceeded to sentence Berry in accord with the new provisions.  See U.S.S.G. § 2D1.1(c).  On March 9, 2011, Berry was sentenced to 70 months' imprisonment and five years of supervised release.

Berry appealed his sentence, and the government moved to enforce the appeal waiver in his plea agreement.  We granted this motion and dismissed the appeal.  See United States v. Berry, 425 F. App'x 733, 734 (10th Cir. 2011) (unpublished).  Berry then sought habeas relief by filing a § 2255 petition.  The district court construed Berry's petition as asserting that trial counsel was ineffective for:  (1) failing to object to drug quantity at sentencing; (2) failing to advise him of the effect of his appeal waiver on the ability to file future motions for a reduction of sentence under 18 U.S.C. § 3582(c)(2); and (3) erroneously assuring him that he would not be sentenced based on drug quantities other than those contained in his plea.  The court ruled that Berry's first claim was barred by the waiver, and that the second and third claims failed on the merits.

## II

We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Berry must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). We liberally construe Berry's pro se filings. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

We have already determined that Berry's appeal waiver is valid and enforceable. Berry, 425 F. App'x at 734. In so doing, we considered "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein." Id. (quoting United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004)).

The analysis for determining whether Berry's collateral review waiver is enforceable requires consideration of the same factors we looked to in resolving the appeal waiver question. United States v. Viera, 674 F.3d 1214, 1217 (10th Cir. 2012). Berry's claim regarding counsel's alleged failure to object to drug-quantity findings at sentencing falls within the scope of the collateral review waiver. We agree with the prior order of dismissal that Berry knowingly and voluntarily waived his rights and that enforcing the waiver would not result in a miscarriage of justice. See Berry, 425 F.

App'x at 734.[1]

Nevertheless, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). Thus, Berry's claims that counsel was ineffective for misinforming him about the plea are not waived. See id. at 1188.

To establish ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), Berry must show both that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. Id. at 687-88, 694. In the guilty plea context, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" to establish prejudice. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Berry asserts that he would not have pled guilty had he known that doing so waived the right to file subsequent motions for a reduction of sentence. However, we

---

[1] Berry also challenges the legality of his sentence in a supplemental opening brief, citing Dorsey v. United States, 132 S. Ct. 2321 (2012). Dorsey requires that the post-FSA Guidelines be applied to defendants who committed crimes prior to August 3, 2011, but were sentenced after that date. Id. at 2335-36. However, even liberally construing this brief to include a motion for leave to file supplemental materials, Dorsey does not affect Berry's sentence because the district court explicitly sentenced him in accord with the post-FSA Guidelines.

agree with the district court that it was not reasonably probable that Berry would have rejected his very favorable plea deal in light of this information. Berry has not presented any arguments to refute the district court's sound conclusion on this point. Accordingly, any alleged deficiencies by Berry's counsel did not prejudice him.

Berry's second non-waived claim—that counsel wrongly assured him he would not be held accountable for drug quantities above those in his plea—also fails on prejudice grounds. In the plea colloquy, Berry affirmed that he understood that he would be sentenced based on all relevant conduct despite his plea and the concomitant dismissal of two counts. He further testified that he understood that his Guidelines range—and thus his sentence—would not be known until after he entered his plea. In light of this evidence, Berry's claim that he would have rejected the plea bargain but for counsel's misadvice rings hollow.

As a final matter, we acknowledge that Berry's appeal waiver was conditional and did not apply if he received an above-Guidelines sentence. But given that Berry received a sentence within the Guidelines, this condition is of no import.

### III

We **DENY** a COA and dismiss the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-5-