**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 25, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

CARLOS NOHE
ZAMUDIO-BELTRAN,

 Defendant-Appellant.

No. 12-2069
(D.C. No. 1:10-CR-03352-BB-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **GORSUCH**, and **MATHESON**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Carlos Nohe Zamudio-Beltran's plea

agreement. The defendant pleaded guilty to possession with intent to distribute one

kilogram and more of heroin. Notwithstanding his appeal waiver, the defendant has

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed a notice of appeal seeking to challenge his sentence. The government has filed this motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

Pursuant to the plea agreement, the defendant "knowingly waive[d] the right to appeal [his] conviction(s) and any sentence and fine within or below the applicable advisory guideline range as determined by the Court." Mot. to Enforce, Attach. 1 (Plea Agreement) at 10. The defendant "specifically agree[d] not to appeal the Court's resolution of any contested sentencing factor in determining the advisory guideline range." *Id*. He also agreed to waive any collateral challenge to his conviction except as to an issue of his counsel's ineffective assistance in negotiating or entering the plea or appeal waiver. *Id*. The district court determined that defendant's advisory guideline range was 210 to 262 months' imprisonment and sentenced him to 210 months' imprisonment, at the bottom of the range.

We apply a three prong test to determine if an appeal waiver is enforceable, asking "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. "We have held that a miscarriage of justice through enforcement of a waiver occurs only in one of four situations: (1) where the district court relied on an impermissible factor such as race, (2) where ineffective

- 2 -

assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." *United States v. Viera*, 674 F.3d 1214, 1219 (10th Cir. 2012) (internal quotation marks omitted).

The defendant argues that it would be a miscarriage of justice to enforce his appeal waiver because his trial counsel provided ineffective assistance of counsel in negotiating the plea and appeal waiver. He claims his counsel (1) did not file any substantive pre-trial motions, except objections to the presentence report, and told him he would be exposed only to a sentence of ten years or less; (2) did not investigate the case to find weaknesses in the prosecution's case before advising him to enter the plea; and (3) failed to provide him with specific advice as to the immigration consequences of pleading guilty. The defendant states that his ineffective assistance of counsel claims require fact-finding and asks that this matter be remanded to this district court for the limited purpose of finding facts regarding his claim.

Ineffective assistance of counsel claims challenging the validity of the plea or the waiver are not waivable, *see United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), as recognized in the defendant's appeal waiver provision. But with rare exception, such ineffective assistance of counsel claims must be raised in a 28 U.S.C. § 2255 collateral motion, not on direct appeal, "even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel."

*United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).  Indeed, the defendant's recognition that his claims require further fact-finding is one of the reasons for this rule.  *See United States v. Bergman*, 599 F.3d 1142, 1149 (10th Cir.) ("[I]neffective assistance of counsel claims are more appropriate for collateral attack under 28 U.S.C. § 2255 than direct appeal, because the factual record for such claims is more developed when the district court conducts an evidentiary hearing on the issue."), *cert. denied*, 131 S. Ct. 219 (2010).  "We will not remand a case for further development of the record during the direct appeal of a case."  *Id.*

Accordingly, we GRANT the motion to enforce the appeal waiver and DISMISS the appeal.

Entered for the Court
Per Curiam