FILED
United States Court of Appeals
Tenth Circuit

March 28, 2012

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

JOSE VIERA, a/k/a "Brian,"

       Defendant - Appellant.

No. 11-3296

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. Nos. 2:10-CV-02594-KHV and 2:08-CR-20106-KHV-3)**

Submitted on the briefs:[*]

Jose Viera, Appellant, appearing pro se.

Barry R. Grissom, United States Attorney, and Leon Patton, Assistant United States Attorney, Office of the United States Attorney for the District of Kansas, Kansas City, Kansas, for Appellee.

---

     [*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Before **LUCERO, O'BRIEN,** and **MATHESON,** Circuit Judges.

_____

**MATHESON**, Circuit Judge.

_____

Jose Viera, a federal prisoner, proceeds pro se.[1] He filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The district court denied the motion but granted a Certificate of Appealability ("COA") on the claim that counsel was ineffective for failing to file an appeal despite the defendant's specific instructions to do so ("appeal issue"). The district court denied COA as to other claims of ineffective assistance of counsel. Mr. Viera appeals the appeal issue and requests COA on several other issues. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm on the appeal issue and deny Mr. Viera's application for COA on the remaining issues.

## I.     BACKGROUND

On April 22, 2009, Mr. Viera pled guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, two counts of distribution of five grams or more of methamphetamine, and one count of use of a communication facility to facilitate the distribution of methamphetamine. Mr. Viera

_____

[1]Because Mr. Viera proceeds pro se, we liberally construe his filing but "do not assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotations omitted).

entered his guilty plea pursuant to a plea agreement. On December 8, 2009, Mr. Viera was sentenced to 324 months of imprisonment.

The plea agreement contained a waiver of Mr. Viera's right to pursue a collateral attack:

> The defendant knowingly and voluntarily waives any right to *appeal or collaterally attack* any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. . . . By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack*, including, but not limited to, a motion brought under Title 28 U.S.C. § 2255.*

ROA, Vol. 1, at 29 (emphases added).

On October 29, 2010, approximately 18 months after Mr. Viera pled guilty, he filed a pro se motion alleging four claims of ineffective assistance of counsel, and requesting the district court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court dismissed the first three claims because Mr. Viera could not show prejudice. The district court denied relief on the fourth claim—that his attorney failed to file an appeal as instructed—because Mr. Viera waived this collateral challenge. The court was sufficiently uncertain, however, about the waiver determination that it granted COA on the appeal issue.

Mr. Viera now appeals the denial of the appeal issue. Mr. Viera also applies for COA on one of the other ineffective assistance claims: that his attorney was ineffective

because he failed to file a motion to withdraw Mr. Viera's plea agreement and guilty plea. He further seeks COA on multiple other issues raised for the first time in his reply brief to this court.

## II.    DISCUSSION

### A. *Failure to File an Appeal as Instructed*

In reviewing denial of a § 2255 motion for post-conviction relief where a COA has been granted, "we review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011). The district court denied habeas relief on the appeal issue, but it granted COA on this issue because it was not sufficiently certain as to the effect of a waiver of collateral challenges on this ineffective assistance claim.

When a defendant waives his right to bring a post-conviction collateral attack in his plea agreement and later brings a § 2255 petition, we determine "(1) whether the disputed [claim] falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *U.S. v. Hahn,* 359 F.3d 1315, 1325 (10th Cir. 2004); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (applying *Hahn* analysis to a collateral attack proceeding).

#### 1. *Within the Scope*

First, Mr. Viera's § 2255 motion falls within the scope of the plea agreement's waiver provision. The waiver not only states that Mr. Viera waives his rights to

collaterally attack but expressly names § 2255 motions as waived.  *See* ROA, Vol. 1, at

29.  Even if the waiver had only mentioned collateral attack, we would find Mr. Viera's

§ 2255 motion to be within the scope of the waiver.  *See United States v. Pinson*, 584

F.3d 972, 974 (10th Cir. 2009) (holding that waiver of a right to appeal or collaterally

challenge encompassed a § 2255 motion).

The question remains whether his specific claim—the appeal issue—properly falls

in the waiver's scope.[2]  "[A] plea agreement waiver of postconviction rights does not

waive the right to bring a § 2255 petition based on ineffective assistance of counsel

claims challenging the validity of the plea or the waiver."  *United States v. Cockerham,*

237 F.3d 1179, 1187 (10th Cir. 2001).  However, "*[c]ollateral attacks based on*

*ineffective assistance of counsel claims that are characterized as falling outside that*

*category are waivable*."  *Id.* (emphasis added).

As we acknowledged in *Cockerham,* "[t]he characterization of a challenge to the

validity of a plea is certainly subject to different interpretations and may be quite broad."

*Id.* at 1188.  For this reason, we held that it was necessary to address these claims "on a

case-by-case basis to determine whether they attack the validity of the plea or the

---

[2]Although we do not rely on our unpublished orders, we note that several have held that counsel's failure to file an appeal falls within the scope of a plea agreement waiver.  *See, e.g., United States v. Falcon-Sanchez*, 416 Fed. Appx. 728, 730 (10th Cir. 2011); *United States v. Shaw*, 292 Fed. Appx. 728, 731 (10th Cir. 2008); *United States v. Macias,* 229 Fed. Appx. 683, 687 (10th Cir. 2007); *United States v. Davis,* 218 Fed. Appx. 782, 784 (10th Cir. 2007).  *But see United States v. Lauer*, 236 Fed. Appx. 462 (10th Cir. 2007).

waiver." *Id.* Following that approach, we determined that a claim that counsel was ineffective for failing to recognize the insufficiency of evidence for a charge could "reasonably be construed . . . as an argument that his plea was unintelligent because his counsel failed to properly inform him" about the potential insufficiency before pleading. *Id.* at 1190. Accordingly, we concluded that the waiver could not bar that claim and remanded for consideration of its merits. *Id.* at 1190-91.

Turning to the instant case, we are satisfied that the appeal issue here does not relate to the validity of the plea or waiver. In contrast to the claim in *Cockerham*, Mr. Viera's appeal issue cannot reasonably be construed as an argument that counsel's alleged deficiencies made his plea unintelligent or involuntary. Mr. Viera has not alleged that counsel failed to inform him of his waiver of appellate review, and he certainly has not claimed that any such omission rendered his plea unintelligent.[3]

The district court granted COA on the appeal issue because it was uncertain about how to apply *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005), which involved a collateral attack alleging that petitioner's counsel had failed to file an appeal in which petitioner had waived his right to bring a collateral challenge. In *Garrett* the petitioner was allowed an evidentiary hearing regarding whether he requested counsel to file a notice of appeal despite the waiver. *See id.* at 1267. But *Garrett* does not apply here. In

---

[3]Mr. Viera argues his plea was involuntary on other bases, but he was not granted COA on those issues and, as we discuss later in the opinion, we find his arguments to be without merit.

*Garrett*, unlike this case, the government did not argue that the plea agreement waiver

barred Mr. Garrett's § 2255 motion. 402 F.3d at 1266 n.5 ("The government has not

argued that this waiver bars a § 2255 motion based on counsel's failure to file a requested

appeal.").[4] Here, the government raises the waiver issue. We are satisfied that the plea

agreement waived Mr. Viera's ineffective assistance claim because counsel's alleged

failure to file an appeal does not undermine the validity of the plea or the waiver. *See*

*Cockerham,* 237 F.3d at 1187.

### 2. *Knowing and Voluntary*

Second, the district court evaluated the language of the plea agreement and the

Rule 11 colloquy and determined the waiver was knowing and voluntary. During the

Rule 11 colloquy when Mr. Viera entered his plea, he acknowledged that he understood

the waiver of appeal and collateral challenges, that his plea was free and voluntary, and

that he was guilty as charged. We agree with the district court that nothing in the record

suggests that Mr. Viera's plea or waiver of post-conviction rights was unknowing or

involuntary.

---

[4]A later case, *United States v. Guerrero*, relied on *Garrett* to note that if the defendant "actually asked counsel to perfect an appeal, and counsel ignored the request, he will be entitled to a delayed appeal." 488 F.3d 1313, 1315 (10th Cir. 2007) (quoting *Garrett*, 402 F.3d at 1267). However, in *Guerrero*, as in *Garrett*, the government failed to raise the waiver issue. *Id*. ("The government *concedes* that this legal authority requires remand for an evidentiary hearing when a defendant claims in a sworn § 2555 motion that he directed counsel to file a notice of appeal and counsel failed to do so." (emphasis added)).

In his request for COA on another issue, Mr. Viera argues his plea was involuntary because he did not know he would be deported and because he was not eligible for a sentence reduction for completion of a residential drug treatment program. But to the extent this argument is relevant to the appeal issue, our reasons for the denial of COA stated below apply here as well and do not change our view on the voluntariness of the plea.

### 3. *Miscarriage of Justice*

Finally, Mr. Viera bears the burden of demonstrating that enforcing the waiver will result in a miscarriage of justice. *Hahn*, 359 F.3d at 1327. We have held that a miscarriage of justice through enforcement of a waiver occurs only in one of four situations: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* (quotations omitted). For the same reasons expressed in the district court order, we agree that none of these factors is implicated here.

Mr. Viera thus voluntarily entered into a valid plea agreement that waived his right to bring a collateral attack except in limited circumstances not found here, and because enforcement of the waiver does not produce a miscarriage of justice, we affirm the district court's denial of this claim.

**B.** *Certificate of Appealability*

This court lacks jurisdiction to consider the merits of a § 2255 issue unless a petitioner obtains a COA. *See* 28 U.S.C. § 2253(c)(1)(B). We may issue a COA only "if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make the requisite showing, Mr. Viera must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quotations omitted).

Mr. Viera applies for a COA on several issues. The first one was raised in the district court. Mr. Viera argues that his plea was involuntary because he entered it under the mistaken belief he would not be deported and because he believed he would be eligible for a one-year sentence reduction upon completion of a residential drug abuse program ("RDAP"). He argues that his attorney rendered ineffective assistance for failure to withdraw the plea agreement and guilty plea once Mr. Viera discovered he would be deported and would not be eligible for the RDAP.

We conclude that reasonable jurists could not debate with the district court's thorough and well-reasoned order determining that Mr. Viera failed to show there was "a fair and just reason" to withdraw his plea. *See United States v. Siedlik,* 231 F.3d 744, 748 (10th Cir. 2000). Mr. Viera has not shown that, absent counsel's alleged failure to advise

him that he would be deported, he would have gone to trial.  Furthermore, Mr. Viera expressed an intention to return to Mexico and never come back to the United States.

Mr. Viera's argument regarding a sentence reduction for completing RDAP is also unavailing because Mr. Viera admitted at the change of plea hearing that no one had made any promises or guarantees about his sentence, and he acknowledged that counsel's predictions relating to sentencing could be wrong.  Mr. Viera failed to show he suffered prejudice as a result of his attorney's representations regarding his potential sentence. We have held that an erroneous sentencing prediction is not prejudicial where the court has conducted an adequate Rule 11 colloquy.  *See United States v. Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007).  We agree with the district court's thorough analysis of why Mr. Viera was not prejudiced by the alleged conduct of his attorney.  We therefore deny the application for a COA on this issue.

Mr. Viera's other requests for COA concern issues raised for the first time in Mr. Viera's reply brief to this court.  "We generally avoid entertaining arguments for reversing a district court's judgment that were not adequately developed by a petitioner in his opening brief."  *Prost v. Anderson*, 636 F.3d 578, 594 (10th Cir. 2011).  Furthermore, as to issues that were not presented to the district court, we adhere to our general rule against considering issues for the first time on appeal.  *See McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) ("[A]bsent extraordinary circumstances, [this court] will not consider arguments raised for the first time on appeal.  This is true whether an appellant is attempting to raise a bald-faced new issue or a new theory that

-10-

falls under the same general category as [a previous] argument . . . ." (quotations and citation omitted)).

## III. CONCLUSION

For the foregoing reasons, the district court's denial of habeas relief is affirmed, and Mr. Viera's application for a COA is denied.