FILED
United States Court of Appeals
Tenth Circuit

July 23, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

ANDRE DAVIS,

        Defendant - Appellant.

No. 12-3104
(D.C. No. 6:03-CR-10157-JTM-1,
6:11-CV-01336-JTM )
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

    Andre Davis, a federal prisoner proceeding pro se,[1] wants to appeal from the

district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his

sentence. His motion is based upon alleged ineffectiveness of trial counsel.[2] The district

court concluded he did not make "a substantial showing of the denial of a constitutional

right" and denied a Certificate of Appealability (COA). 28 U.S.C. § 2253(c)(2). Because

that decision is not even debatably incorrect, we deny his request for a COA.

---

[1] We liberally construe Davis's pro se 28 U.S.C. § 2255 filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] Davis retained counsel on appeal from the denial of his COA motion. Counsel raised the due process argument for the first time on appeal.

The facts of Davis's case are set forth in detail in *United States v. Davis*, 636 F.3d 1281 (10th Cir. 2011). Summarizing here, Davis was a passenger in a rental car that was stopped for speeding. Davis, the only identified driver on the rental agreement, consented to a search of the car. Officers discovered a bag containing cocaine. On appeal, Davis challenged only the length of the stop prior to the search, he did not challenge the initial stop. *Id*. at 1287.

The day before Davis was scheduled for trial, the government filed an information notifying him that, if he were convicted, it would seek an enhanced sentence based on two prior felony convictions. *See* 21 U.S.C. § 851. The information was not accurate. One listed conviction was ineligible as a "prior" felony because it occurred after Davis's arrest in this case. The government conceded this point and did not use that conviction at sentencing. The other conviction was identified by an incorrect case number.[3] [78] Davis objected to the adequacy of the information, but not on these bases. Even so, on direct appeal, we noted these facts and held Davis was not prejudiced by the errors because he received notice of the government's intent to seek enhancement of the sentence, the correct case number was in the presentence report and, at the time of sentencing, "he was aware of facts that would have allowed him to reasonably infer that the conviction of which he had knowledge was the same conviction listed in the

---

[3] The case number identified the conviction of a different Andre Davis. However, Davis's counsel acknowledged at sentencing that Davis did have an eligible prior conviction from the same court that was identified in the presentence report. (Vol. I at 140.)

[information], notwithstanding its flawed description there." *Id*. at 1296 (quotation marks omitted).

> In his § 2255 motion, Davis's ineffective assistance claim stated in full:
>
> Counsel failed to challenge the "stopping of vehicle" in 4th amendment claim. Counsel failed to meet with Judge when Judge or Prosecutor requested. Counsel failed to file motion to challenging government 851 motion . . . . Counsel failed to review evidence. Counsel gave false information.

(Vol. I at 168.) Relevant here, the district court denied his motion because the record demonstrated counsel had challenged the stop and the trial court ruled the initial stop was valid due to the speeding violation. The court also concluded the record demonstrated counsel had objected to the validity of the § 851 information. In the alternative, even if Davis's claim was construed as arguing ineffective assistance for failing to challenge the specificity of the convictions, no prejudice was caused by the error.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(B); *Gonzalez v. Thaler*, 132 S.Ct. 641, 649 (2012). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive,

consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537

U.S. at 338.

*Strickland* states the law applicable to Davis's arguments. To demonstrate

ineffective assistance of counsel:

> [T]he defendant must show that counsel's performance was deficient. This
> requires showing that counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by the Sixth
> Amendment. Second, the defendant must show that the deficient
> performance prejudiced the defense. This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Davis, now represented by counsel, claims the failure to object to the absence of

valid cases in the information was ineffective assistance.[4] He argues: "The harm is that

the government was not required to comply with the statute and, had they been so

required, the government would not have filed the notice timely (before the jury

selection) which eliminates the minimum mandatory sentence of 20 years." (Appellant's

Br. at 9.)

We disagree. Even if the notice was insufficient and counsel objected, the

government would have been able to amend the information prior to Davis's sentencing.

---

[4] Davis argues "he is, at a minimum, entitled to a hearing" to determine why counsel did not object to the sufficiency of the information. (Appellant's Br. at 14.) He also attempts to bootstrap a due process claim by arguing the mistake in the information may have been more than a clerical error and, in any event, § 851 arguably requires a written amendment which was not provided here. None of these issues were raised before the district court. We see no reason to depart from our general rule against considering issues for the first time on appeal. *See United States v. Viera*, 674 F.3d 1214, 1219 (10th Cir. 2012).

*See* 21 U.S.C. § 851(a)(1) ("Clerical mistakes in the information may be amended at any time prior to the pronouncement of the sentence."). Davis cannot demonstrate that counsel's error in failing to object was prejudicial. He does not deny being subject to the recidivist enhancement or that he lacked knowledge of the prior conviction, which formed the basis of the enhancement at the time of his sentencing. This claim must fail.

Davis also argues that counsel was ineffective for failing to challenge the validity of the initial stop of the rental car. He claims "it was ineffective . . . because there is absolutely no evidence that [the stop] was made after the officer had sufficient cause to believe a traffic violation occurred." (Appellant's Br. at 20.) He is again wrong. The officer testified he "checked the speed of the vehicle running 76 in a posted 70 speed zone." (Vol. I at 66.) Because no reasonable jurist would debate the correctness of the district court's decision, *see Slack*, 529 U.S. at 484, we DENY the request for a COA and DISMISS this matter.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge