FILED
United States Court of Appeals
Tenth Circuit

August 21, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JACK KAUFMAN, JR.,

  Petitioner - Appellant,

v.

DAVID C. MILLER, Warden,

  Respondent - Appellee.

No. 13-5020
(D.C. No. 4:10-CV-00024-GKF-TLW)
(N.D. Okla.)

**ORDER**

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

In state court, Mr. Jack Kaufman, Jr. was convicted of drug trafficking. After unsuccessfully seeking habeas relief in federal district court, Mr. Kaufman appeals. We can only entertain the appeal if we find that Mr. Kaufman is entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) (2006). Holding that he is not, we dismiss the appeal.

<u>Standard for a Certificate of Appealability</u>

The threshold issue is whether to issue a certificate of appealability. The certificate is available only if Mr. Kaufman "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

## Background

Two police detectives stopped Mr. Kaufman for a traffic violation and learned that one of the passengers had outstanding warrants. After learning of the warrants, the detectives conducted a pat-search of Mr. Kaufman — and a bag of cocaine fell out from his pants.

The cocaine was introduced into evidence in Mr. Kaufman's trial. Trial Tr., Vol. I at 68, *State v. Kaufman*, No. CF-07-1669 (Tulsa Co. Dist. Ct. Jan. 22-23, 2008).[1] That trial resulted in a conviction for trafficking in illegal drugs after conviction of a felony. Mr. Kaufman appealed the conviction to the Oklahoma Court of Criminal Appeals, arguing in part that the detectives violated the Fourth and Fourteen Amendments by initiating the traffic stop, making him continue to stand next to the car, and conducting a pat-down search for weapons. The state appeals court rejected Mr. Kaufman's arguments and affirmed the conviction.

Mr. Kaufman then filed a petition for a writ of habeas corpus in federal district court. The court denied habeas relief, and the present appeal followed.

---

[1]     The trial transcript is not part of the record on appeal. But, we can take judicial notice of the transcript to determine whether the cocaine had been used in the trial. *Guttman v. Khalsa*, 669 F.3d 1101, 1127 n.5 (10th Cir. 2012) (stating that we can take judicial notice of the materials filed in the district court even when they are not included in the record on appeal).

<u>Mr. Kaufman's Appellate Arguments</u>

In his application for a certificate of appealability, Mr. Kaufman challenges: (1) the traffic stop, (2) the officer's directive for him to remain standing next to the car, (3) the search, and (4) the sufficiency of evidence for a conviction.

<u>Issues Relating to the Traffic Stop and the Search</u>

Mr. Kaufman challenges the admissibility of the cocaine that fell out of his pants, arguing that the detectives should not have initiated a traffic stop, made him continue to stand next to the car, or conducted a pat-down search. For these arguments, the federal district court denied relief on a procedural ground: Mr. Kaufman could not obtain habeas relief because he had the opportunity to fully and fairly litigate a Fourth Amendment claim in state court.

Because the district court rested on a procedural ground, we can grant a certificate of appealability only if reasonable judges might regard the ruling as debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, we deny a certificate of appealability because the district court's ruling on the search-and-seizure issues was not reasonably debatable.

Mr. Kaufman's arguments are governed by *Stone v. Powell*, 428 U.S. 465 (1976). There the Supreme Court held that a state prisoner cannot obtain habeas relief when two elements exist: (1) The habeas claim is based on introduction of evidence at trial that had been the result of an unconstitutional search or seizure;

3

and (2) the State provided a full and fair opportunity to litigate a Fourth Amendment claim. *Stone*, 428 U.S. at 494.

Both elements exist here: Mr. Kaufman claims that the state trial court improperly allowed the introduction of cocaine based on an unconstitutional search and seizure, and he had a full and fair opportunity to litigate a Fourth Amendment claim through motions to suppress and a direct appeal. *See Kaufman v. State*, No. F-2008-117, ECF No. 7, Ex. 3 (Okla. Crim. App. Jan. 14, 2009) (unpublished op.). This opportunity prevents us from granting habeas relief even if the cocaine had been found through an unconstitutional search and seizure. Because the federal district court's procedural ruling is not reasonably debatable, we decline to issue a certificate of appealability on the claims involving an unconstitutional search and seizure.

### Insufficiency of the Evidence

Mr. Kaufman also challenges the sufficiency of the evidence. The district court did not mention this claim, but we can take judicial notice of the contents of the habeas petition to determine whether this claim had been presented in the district court. *See Guttman v. Khalsa*, 669 F.3d 1101, 1130 n.5 (10th Cir. 2012) (stating that we can take judicial notice of filings in the district court even when they are not included in the record on appeal). When we exercise our discretion to take judicial notice, we learn that Mr. Kaufman did not seek habeas relief based on insufficiency of the evidence. Because this claim was not raised in the district

4

court, we decline to consider it.  *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012).

Conclusion

Mr. Kaufman has not "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2006).  Accordingly, we deny Mr. Kaufman's request for a certificate of appealability and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge