**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MONTERIAL WESLEY,

    Defendant - Appellant.

No. 13-3149
(D. Kan.)
(D.C. Nos. 2:12-CV-02704-JWL &
2:07-CR-20168-JWL-2)

_____

**ORDER**[*]

_____

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges

_____


In federal district court, Mr. Monterial Wesley was convicted of: (1) conspiracy to manufacture and possess cocaine and cocaine base with the intent to distribute, and (2) use of a telephone to facilitate a drug transaction. After unsuccessfully asking the district court to vacate the sentence under 28 U.S.C. § 2255, Mr. Wesley appeals. We can only entertain the appeal if Mr. Wesley is entitled to a certificate of appealability. _See_ 28 U.S.C. § 2253(c)(1)(B) (2006). Holding that he is not entitled to this certificate, we dismiss the appeal.

---

[*]    This order does not constitute precedent. _See_ 10th Cir. R. 32.1(A).

## Standard for Certificate of Appealability

To obtain a certificate of appealability, Mr. Wesley must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). For this showing, Mr. Wesley must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

## Mr. Wesley's Appellate Arguments

Mr. Wesley applies for a certificate of appealability on three grounds: (1) His sentence was based on clearly erroneous facts; (2) the district court usurped the role of the jury in making witness credibility determinations; and (3) the prosecution's evidence lacked indicia of reliability.

Mr. Wesley did not raise any of these issues in the motion that he filed in district court. R. vol. 1, at 69-80 (Mr. Wesley's 28 U.S.C. § 2255 motion); R. vol. 1, at 81-113 (Mr. Wesley's brief in support of his 28 U.S.C. § 2255 motion). Because these issues are presented for the first time on appeal, they cannot justify a certificate of appealability. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (absent extraordinary circumstances, this Court will not consider arguments for a certificate of appealability that are raised for the first time in an appeal).

## Conclusion

Because we cannot entertain Mr. Wesley's new appellate arguments, we cannot issue a certificate of appealability. And without a certificate of appealability, we must dismiss the appeal.

Entered for the Court

Robert E. Bacharach
Circuit Judge