UNITED STATES COURT OF APPEALS

**May 30, 2014**

TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOSE ANGEL GONZALEZ-
GONDARILLA,

     Defendant - Appellant.

No. 13-6267
(D.C. No. 5:13-CV-00568-HE)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Appellant, a federal prisoner proceeding pro se, seeks a certificate of appealability

to appeal the district court's denial of his 28 U.S.C. § 2255 motion for habeas relief.

Following a jury trial, Appellant was convicted of three drug-related offenses. He

was sentenced to a total of 100 months' incarceration and four years of supervised

release. He did not file a direct appeal. Appellant claimed in his § 2255 motion that he

was denied the effective assistance of counsel because he did not receive, in the

calculation of his guideline sentence, a two-level reduction under USSG § 2D1.1(b)(16).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This provision calls for a two-level reduction for defendants who meet all of the criteria set forth in USSG § 5C1.2, the "safety valve" provision. Among other things, USSG § 5C1.2(a)(5) requires a defendant to "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." The district court concluded Appellant was not entitled to this reduction because it was undisputed, based on the government's submissions and his attorney's affidavit, that Appellant did not cooperate with the government in this manner. The district court accordingly denied the habeas petition.

Our test for granting a certificate of appealability is not whether the district court's decision was correct, but whether reasonable jurists could debate whether it was correct. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). After reviewing the pleadings and the record on appeal, we conclude reasonable jurists would not debate the district court's judgment that Appellant did not cooperate with the prosecution and was accordingly ineligible for safety-valve relief.

In his application for a certificate of appealability, Appellant raises an additional challenge to the calculation of his sentence. However, this issue was not raised in Appellant's § 2255 motion, and we will "adhere to our general rule against considering issues for the first time on appeal." *United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012).

We **DENY** Appellant's request for a certificate of appealability and **DISMISS** the

appeal.  Appellant's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge