FILED
United States Court of Appeals
Tenth Circuit

December 9, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRETT AARON McSHERRY,

Defendant - Appellant.

No. 14-8043
(D.C. Nos. 1:13-CV-00099-SWS and
2:11-CR-00233-SWS-1)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Appellant Brett McSherry seeks a certificate of appealability to appeal the district

court's denial of his 28 U.S.C. § 2255 habeas petition. Following a jury trial, Appellant

was convicted of possessing and receiving child pornography. Just before sentencing,

Appellant and the government entered into a stipulation and agreement as to sentencing.

Rather than face a guidelines-range sentence of 210 to 240 months, Appellant agreed to a

sentence of 78 months in exchange for the waiver of his right to appeal and seek collateral

review, including his right to file a § 2255 motion. The district court accepted the

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

agreement and sentenced Appellant to 78 months' imprisonment. The judgment and conviction became final on May 31, 2012.

On May 6, 2013, Appellant filed a motion under § 2255 in which he argued he received ineffective assistance based on counsel's failures to (1) challenge the basis for a search warrant; (2) adequately review the government's evidence prior to trial; and (3) properly prepare for trial. In response, the government filed a motion to dismiss based on the collateral-review waiver contained in the sentencing agreement. The government noted that Appellant's § 2255 motion did not allege ineffectiveness in relation to the agreement as required to render the waiver unenforceable under *United States v. Cockerham*, 237 F.3d 1179, 1186-87 (10th Cir. 2001). In a June 2013 response, Appellant contended the waiver was the product of ineffective assistance of counsel, because counsel told him he would not succeed on appeal and because counsel's overall ineffectiveness tainted any agreements in which he participated.

The court construed Appellant's response as an amendment to the original § 2255 motion. The court then concluded that this amendment did not relate back to the date of the original pleading, since it asserted a new claim of ineffective assistance. As a result, the court found this claim to be time-barred by the one-year statute of limitations. The court also held that even if it were to consider Appellant's claim of ineffective assistance relating to the waiver of review, it would reject this claim on the merits, since Appellant had not shown prejudice from his attorney's alleged ineffectiveness in telling him that he had no hope on appeal.

Based on the evidence in the record, including the extensive colloquy the court held with Appellant regarding the implications of the sentencing agreement and the accompanying waiver of the right to appeal and collateral review, the court found Appellant's waiver of collateral-review rights was knowing and voluntary. The court thus held that Appellant was barred from seeking review of the claims raised in his original § 2255 motion. Accordingly, the court granted the government's motion to dismiss the § 2255 motion.

We conclude that reasonable jurists would not debate the dismissal of Appellant's habeas petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Appellant's allegations and arguments are insufficient to show ineffectiveness relating to the waiver under the applicable *Strickland* standard, *see Strickland v. Washington*, 466 U.S. 668 (1984), nor does this case fall within any of the other situations in which a waiver is unenforceable, *see United States v. Viera*, 674 F.3d 1214, 1219 (10th Cir. 2012). Appellant's allegations of ineffective assistance at trial do not prove that enforcement of the waiver will cause a miscarriage of justice under *Viera*.

We accordingly **DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal. Appellant's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge

-3-