FILED
United States Court of Appeals
Tenth Circuit

March 9, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DAMEION HIGLEY,

     Defendant - Appellant.

No. 17-1111
(D.C. Nos. 1:16-CV-01528-WYD and
1:06-CR-00205-WYD-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **McKAY**, and **KELLY**, Circuit Judges.
_____

Defendant Dameion Higley filed a motion for relief under 28 U.S.C. § 2255 in

the United States District Court for the District of Colorado. He argued that his

conviction for using a firearm in relation to a crime of violence should be vacated

because armed bank robbery is not a crime of violence under 18 U.S.C. § 924(c).

The district court denied the motion as untimely or alternatively on the merits, but

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

granted a Certificate of Appealability (COA) on both issues.[1] We affirm the court's denial of habeas relief.

## BACKGROUND

In 2007, Mr. Higley pleaded guilty to one count of violating 18 U.S.C. § 924(c), use of a firearm in relation to a crime of violence. The predicate crime of violence was armed bank robbery, 18 U.S.C. § 2113(a), (d), a charge to which Mr. Higley also pleaded guilty. He was sentenced to a total of 176 months' imprisonment—92 months for the armed bank robbery and 84 months for the use of a firearm in a crime of violence, i.e., armed bank robbery. In 2016, he filed a § 2255 motion to vacate his conviction under § 924(c).

Mr. Higley argued that armed bank robbery no longer qualifies as a crime of violence under § 924(c) in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). According to Mr. Higley, § 924(c)(3)(B), which he denominates the "residual" clause of § 924(c) is unconstitutionally vague under the Court's rationale in *Johnson*, which invalidated as unconstitutionally vague the residual clause of the Armed Career Criminal Act. *See* 135 S. Ct. at 2557, 2563.

---

[1] A criminal defendant seeking to appeal in a § 2255 proceeding must obtain a COA by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Although § 2253(c) speaks of a "circuit justice or judge" issuing a COA, a district judge may also rule on an application for COA. *See* Fed. R. App. P. 22(b)(1) ("[T]he applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a [COA] under . . . § 2253(c).").

The district court rejected Mr. Higley's argument that the right he asserted was recognized in *Johnson*, and therefore denied the motion as untimely.[2] Alternatively, the district court denied Mr. Higley's claim on the merits because armed bank robbery is a crime of violence under § 924(c)(3)(A). The court granted a COA on both issues. Because we agree with the court's decision on the merits, we do not address the timeliness issue.

## ANALYSIS

"In reviewing denial of a § 2255 motion for post-conviction relief where a COA has been granted, we review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (internal quotation marks omitted).

Section 924(c)(3) defines "crime of violence" as a felony that

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) [] by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Similar to the definition of "crime of violence," § 924(e)(2)(B) defines a "violent felony" as any felony that

---

[2] Generally, a defendant has one year from when his conviction is final to file a § 2255 motion, running from the date on which the judgment of conviction became final. *See* § 2255(f)(1). But under § 2255(f)(3), a defendant may file a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

3

(i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii)  is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

(The italicized language is ACCA's residual clause.)

Mr. Higley argues there is no meaningful distinction between the residual clause of ACCA § 924(e)(2)(B)(ii), which the Court found unconstitutionally vague in *Johnson*,  and the risk of force clause of § 924(c)(3)(B).  And without § 924(c)(3)(B) to support a conviction for a crime of violence, he argues the government must rely on § 924(c)(3)(A) to support his conviction.  Mr. Higley further maintains that § 924(c)(3)(A) is not available here under our decisions in *United States v. Rodriguez-Enriquez*, 518 F.3d 1191 (10th Cir. 2008) and *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005), which establish that armed bank robbery is not a crime of violence because a defendant can commit armed bank robbery without the use of physical force.  Stated otherwise, he asserts "the government did not have to prove as an element 'the use, attempted use, or threatened use of physical force against the person or property of another' . . . to secure a conviction [for armed bank robbery] under § 2113(a), (d)."  Aplt. Opening Br. at 4.

We disagree.  Assuming for the sake of argument that Mr. Higley's motion is timely and that the residual clause of § 924(c)(3)(B) is unconstitutional, we hold that Mr. Higley's conviction for armed bank robbery nonetheless constitutes a "crime of violence" under the alternate, elements-based definition in § 924(c)(3)(A).  In so

4

holding, we note, as explained below, that the reasoning in *Perez-Vargas* and *Rodriguez-Enriquez* is no longer viable under the Supreme Court's decision in *United States v. Castleman*, 134 S. Ct. 1405 (2014) and our decision in *United v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017).

"To determine whether a prior conviction qualifies as a crime of violence, we apply the categorical approach if the criminal statute under which the defendant was charged contains only one set of elements." *Ontiveros*, 875 F.3d at 535. Under the categorical approach, "we consider only the statutory definition, not the underlying facts of conviction." *Id*. A person commits armed bank robbery under § 2113(a) if he takes or attempts to take property from a bank by "force and violence," which plainly requires the use of physical force, or by "intimidation," which requires the threatened use of physical force. The critical point is that these alternative means of committing bank robbery each have an element that involves "the use, attempted use, or threatened use of physical force," and are therefore crimes of violence as defined in § 924(c)(3)(A).

In *Perez-Vargas*, this court examined whether Colorado third-degree assault could be committed without the use of physical force, and was therefore not a crime of violence under United States Sentencing Guidelines (USSG) § 2L1.2. We concluded that "while it is likely most third degree assaults will involve the use or threatened use of physical force, thus qualifying the crime as a violent one under [§ 2L1.2 of] the Guidelines, the language of the statute allows for other possibilities."

5

414 F.3d at 1283. Therefore, third-degree assault in Colorado "is not categorically a crime of violence under USSG § 2L1.2." *Id*. at 1286.

*Rodriguez-Enriquez* also concerned USSG § 2L1.2, but this time in relation to Colorado's second-degree assault statute. 518 F.3d at 1191. We "reject[ed] the view that the word *physical* relates to the effect of the force," and held that "the adjective *physical* must refer to the mechanism by which the force is imparted." *Id*. at 1194. Thus, we concluded that "injury effected by chemical action on the body (as in poisoning or exposure to hazardous chemicals) should not be described as caused by *physical force*." *Id*. at 1195.

The Supreme Court, however, later rejected our interpretation of the adjective "physical" in *Perez-Vargas and Rodriguez-Enriquez. See Johnson v. United States*, 559 U.S. 133, 138 (2010) ("The adjective 'physical' is clear in meaning . . . . It plainly refers to force exerted by and through concrete bodies—distinguishing physical force from, for example, intellectual force or emotional force."). Most recently, the Court explained that the use of physical force would include "employing poison knowingly as a device to cause physical harm." *Castleman*, 134 S. Ct. at 1415.

In *Ontiveros*, we evaluated Colorado second-degree assault under the elements clause of USSG § 4B1.2, which is similar to the elements in § 924(c)(3) and USSG § 2L1.2, and concluded that second-degree assault satisfies the elements clause of

6

§ 4B1.2.[3]  In doing so, we held "that *Perez-Vargas* and *Rodriguez-Enriquez* relied on reasoning that is no longer viable in light of *Castleman*."  875 F.3d at 536.

The judgment of the district court is affirmed.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[3]  "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a).