**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 23, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

JOSHUA ALAN MAUJER,

　　Defendant - Appellant.

No. 21-6087
(D.C. Nos. 5:21-CV-00156-R &
5:19-CR-00173-R-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

Defendant-Appellant Joshua Alan Maujer, a federal inmate appearing pro se, seeks

a Certificate of Appealability (COA) to appeal from the district court's dismissal of his

28 U.S.C. § 2255 motion.  See United States v. Maujer, No. CR-19-173-R, 2021 WL

3177422 (W.D. Okla. July 27, 2021).  Exercising jurisdiction under 28 U.S.C. §§ 1291

and 2253(a), we deny a COA and dismiss the appeal.

**Background**

In 2019, Mr. Maujer was indicted on two counts of distribution of

methamphetamine to an undercover officer and one count of possession of

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1).  Mr. Maujer pled guilty to one count of distribution and waived his right to collaterally challenge his conviction or sentence "except with respect to claims of ineffective assistance of counsel."  His advisory guideline sentence was 210 to 262 months' imprisonment, but the district court varied downward and imposed 108 months.

Mr. Maujer subsequently filed a motion under 28 U.S.C. § 2255 and raised four ineffective assistance of counsel claims.  In his appellate filings, Mr. Maujer presents 13 such claims, 11 of which are entirely new.  We decline to review the claims not raised below and deny a COA because the district court's resolution is not reasonably debatable.

**Discussion**

I.     Forfeiture

Absent extraordinary circumstances, this court does not consider issues not presented to the district court.  See United States v. Viera, 674 F.3d 1214, 1220 (10th Cir. 2012).  While a pro se application "is entitled to a liberal construction," we may not rewrite an application.  Childers v. Crow, 1 F.4th 792, 798 (10th Cir. 2021).  In his initial motion, Mr. Maujer argued that counsel failed to inform him that he waived an appeal by taking a plea, failed to object to the presentencing report, failed to communicate adequately, and failed to pursue relief under the First Step Act.  See Maujer, 2021 WL 3177422, at *2–4.  The only ground challenged on appeal that was raised below pertains to counsel failing to communicate adequately.

2

II.    Counsel's Failure to Communicate

To obtain a COA from this court, Mr. Maujer must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim has been denied on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). To establish an ineffective assistance of council claim, Mr. Maujer must show deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice requires showing a reasonable probability that he would have gone to trial (rather than pled guilty), but for counsel's errors and omissions. Missouri v. Frye, 566 U.S. 134, 148 (2012).

Mr. Maujer argues that his counsel provided ineffective assistance because she "[f]ailed to disclose discovery and exculpatory evidence to [him] and discuss [the] plan or course of action." Aplt. Br. at 9. Additionally, he argues that his counsel "[f]ailed to adequately visit[ and] communicate with [him] regarding discovery and other pertinent factors of the case." Aplt. Br. at 10. The district court's conclusion that Mr. Maujer cannot demonstrate how this prejudiced him is not reasonably debatable. We note that Mr. Maujer expressed satisfaction with his counsel at the change of plea hearing and that the district court granted a substantial variance but was justifiably concerned with the "huge amount of drugs" notwithstanding counsel's efforts.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge