FILED
United States Court of Appeals
Tenth Circuit

October 5, 2022

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

BRIAN EX KORONA,
a/k/a Brian Edward Xavier Korona,

    Petitioner - Appellant,

v.

SCOTT NUNN,

    Respondent - Appellee.

No. 22-5015
(D.C. No. 4:19-CV-00058-CVE-JFJ)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Oklahoma inmate Brian EX Korona, proceeding pro se, requests a certificate of

appealability (COA) to appeal from the district court's decision denying his 28 U.S.C.

§ 2254 habeas application.  We deny a COA and dismiss this matter.

## BACKGROUND

A jury convicted Mr. Korona of kidnapping, first-degree spousal rape, domestic

assault and battery by strangulation, violation of a protective order, larceny of a motor

vehicle, and second-degree burglary.  The state trial court sentenced him to 65 years'

imprisonment, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Korona then unsuccessfully pursued state postconviction remedies. The state trial court denied his application and supplemental application for postconviction relief, and the OCCA again affirmed.

Mr. Korona next filed his § 2254 application, raising the following four claims: (1) he was denied a fair trial by trial errors and the cumulative effect of those errors; (2) his convictions for violation of a protective order and second-degree burglary unconstitutionally doubly punished him; (3) his trial counsel was ineffective; and (4) his appellate counsel was ineffective. He later sought a stay of the federal proceeding so he could exhaust a claim that Oklahoma lacked jurisdiction to prosecute him under *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). After denying a stay, the district court denied his original four claims on the merits. It further denied a COA.

## DISCUSSION

Mr. Korona must obtain a COA for this court to review the district court's denial of his § 2254 application. *See* 28 U.S.C. § 2253(c)(1)(A). To do so, he must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Because the district court decided his § 2254 application on the merits, for a COA Mr. Korona must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We construe Mr. Korona's pro se filings liberally. *See Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2718 (2022).

Mr. Korona argues before this court that his trial counsel was ineffective in failing (1) to conduct pre-trial discovery and to retain an expert witness, (2) to file a timely

motion to suppress the testimony of the victim (his estranged wife) and to object to the

prosecution offering her as a witness, (3) to adequately cross-examine the victim, (4) to

adequately impeach her credibility, (5) to request cautionary jury instructions regarding

her testimony, and (6) to challenge the sufficiency of the evidence of rape.  But none of

those are the ineffective-assistance claims that he raised in his § 2254 application.  Before

the district court, he asserted that his trial counsel was ineffective for the following

reasons:

> (a) Counsel failed to object to an unredacted admission of State's Exhibit 2, which reflected that Petitioner was previously on parole, and had multiple arrests, used steroids, and had gang ties; (b) Counsel failed to object to [an] erroneous jury instruction regarding the use of other crimes evidence; [and] (c) Counsel failed to object to [the] sentencing range for Domestic Abuse by Strangulation.

R. vol. I, CM/ECF p. 28.  And those are the ineffective-assistance grounds the State

addressed, *see id.* at 98-107, and the district court evaluated, *see id.* at 674-76.

Because Mr. Korona did not raise his current arguments before the district court,

they are not preserved for review on appeal.  *See Owens v. Trammell*, 792 F.3d 1234,

1246 (10th Cir. 2015) ("Because the argument was not raised in his habeas petition, it is

waived on appeal."); *Stouffer v. Trammell*, 738 F.3d 1205, 1221 n.13 (10th Cir. 2013)

("We do not generally consider issues that were not raised before the district court as part

of the habeas petition.").  This waiver principle applies even when, as here, a prisoner

argues specific claims of ineffective assistance before the district court, but different

claims of ineffective assistance before this court.  *See Milton v. Miller*, 812 F.3d 1252,

1264 (10th Cir. 2016) ("Although this claim [in the COA request on appeal] and the

Original Claim [in the § 2254 application] both allege ineffective assistance of counsel, they are separate claims. [Defendant] cannot allege an ineffective-assistance claim and then usher in anything fitting under that broad category as the same claim. Counsel can perform ineffectively in myriad ways.").

Mr. Korona also argues that the state trial court violated his substantial rights by failing to instruct the jury regarding the victim's testimony. This claim also was not presented in his § 2254 application. Although the application alleged that several trial errors denied Mr. Korona a fair trial and due process, it did not list among those alleged errors a failure to provide a cautionary instruction regarding the victim's testimony. *See* R. vol. I, CM/ECF p. 28.

"Although [a] pro se petition before the district court is entitled to a liberal construction, we may not rewrite a petition to include claims that were never presented." *Childers*, 1 F.4th at 798 (internal quotation marks omitted). "[A]dher[ing] to our general rule against considering issues for the first time on appeal," *United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012), we decline to issue a COA.

**CONCLUSION**

We deny a COA and dismiss this matter.

Entered for the Court


Carolyn B. McHugh
Circuit Judge