**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

PAUL DEWAYNE GALLIMORE, JR.,

　　Defendant - Appellant.

No. 24-6239
(D.C. Nos. 5:24-CV-00684-R &
5:21-CR-00150-R-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.
_____

　　Paul Gallimore, a federal prisoner proceeding pro se,[1] seeks a certificate of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We deny Gallimore's request for a COA and dismiss this matter.

**I.**

　　In 2021, Gallimore pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 200 months'

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Gallimore appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

imprisonment. This lengthy sentence included an enhancement under the Armed Career Criminal Act ("ACCA") based on Gallimore's four prior convictions—three of which were for three robberies committed on three consecutive days in different locations when he was sixteen.

Gallimore's sentence was affirmed on direct appeal. In particular, we rejected the argument that his three robbery convictions occurred on a single "occasion" for purposes of the ACCA. *See United States v. Gallimore*, 71 F.4th 1265, 1267–69 (10th Cir. 2023) (holding that Gallimore's "prior convictions occurred on separate occasions" under *Wooden v. United States*, 595 U.S. 360 (2022), because the robberies were committed "on different dates with different locations and victims"). Additionally, consistent with circuit precedent, we rejected Gallimore's argument that a jury, not the sentencing court, was constitutionally required to decide whether his prior convictions occurred on a single ACCA "occasion."

In 2024, Gallimore filed a § 2255 motion to vacate, set aside, or correct his sentence. His motion raised three claims. The district court, however, denied the § 2255 motion on the merits and denied a COA.

Gallimore now seeks a COA on one of the three claims he raised in district court, namely, that his § 922(g)(1) conviction is unconstitutional under the Second Amendment. Additionally, for the first time on appeal, he argues that the district court erred in denying him "relief under *Erlinger* [*v. United States*, 602 U.S. 821 (2024),] that[']s retroactive." Aplt. Br. at 3.

2

**II.**

To obtain a COA on claims the district court denied on the merits, Gallimore must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").

**A.**

Gallimore first argues that his conviction must be vacated because the federal felon in possession statute, 18 U.S.C. § 922(g)(1), is inconsistent with the Second Amendment. The district court rejected this argument based on Tenth Circuit case law upholding the validity of § 922(g)(1) in the face of Second Amendment challenges.

We hold that reasonable jurists would not debate the district court's assessment of this constitutional claim. In particular, in the wake of *United States v. Rahimi*, 602 U.S. 680 (2024), our circuit has categorically reaffirmed the constitutionality of § 922(g)(1). *See Vincent v. Bondi*, 127 F.4th 1263, 1264–66 (10th Cir. 2025), *cert. denied*, 2026 WL 568283 (U.S. Mar. 2, 2026).

**B.**

Gallimore next argues that *Erlinger*'s new rule of criminal procedure applies retroactively to vacate the ACCA enhancement to his sentence. In *Erlinger*, contrary to the Tenth Circuit precedent that governed Gallimore's direct appeal, the Supreme Court held that defendants are "entitled to have a jury resolve ACCA's occasions inquiry

unanimously and beyond a reasonable doubt." 602 U.S. at 835. However, the district court determined that *Erlinger* does not apply retroactively on collateral review.

We hold that reasonable jurists would not debate the district court's assessment of *Erlinger*'s retroactivity. There are only two exceptions to the general rule that "a new constitutional rule of criminal law or procedure is not generally applicable retroactively to cases on collateral review": "(1) rules that change what conduct is punishable under substantive criminal law, and (2) 'watershed rules of criminal procedure.'" *United States v. Hopkins*, 920 F.3d 690, 699 (10th Cir. 2019) (quoting *Teague v. Lane*, 489 U.S. 288, 311 (1989)). *Erlinger* falls in neither category. It did not affect "what conduct is punishable under substantive criminal law." *See Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) ("Rules that allocate decisionmaking authority [between judge and jury] are prototypical procedural rules."). And, according to *Edwards v. Vannoy*, 593 U.S. 255 (2021), "no new rules of criminal procedure can satisfy the watershed exception." *Id.* at 271.[2]

### III.

For the foregoing reasons, we deny a COA and dismiss this matter.

Entered for the Court

Allison H. Eid
Circuit Judge

---

[2] We also note that this argument was not presented to the district court in Gallimore's § 2255 motion. As a result, it would be inappropriate for us to issue a COA on this basis. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (refusing to consider "issues that were not presented to the district court" in a § 2255 habeas case).