**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ANTHONY LEWIS,

      Plaintiff-Appellant,

v.

TWENTY-FIRST CENTURY BEAN
PROCESSING,

      Defendant-Appellee.

No. 15-3188
(D.C. No. 2:15-CV-02322-JAR-TJJ)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Mr. Anthony Lewis sued his former employer, Twenty-First Century

Bean Processing, after he was terminated. He alleged both age and race

discrimination. The district court granted Twenty-First Century's motion

for summary judgment on both claims, and we affirm.

---

[*]    The parties have not requested oral argument, and we do not believe oral argument would be helpful. As a result, we are deciding the appeal on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

## I. Mr. Lewis's Probationary Status and Firing

Mr. Lewis, an African-American male who was 47 years old at the relevant times, applied for a job with Twenty-First Century. After an interview, Mr. Lewis was hired for a warehouse job, subject to a 30-day probationary period. At the end of the probationary period, Mr. Lewis was to be evaluated to determine whether he could remain an employee.

Of the 25 work days in Lewis's probationary period, he was absent 4 days, found sleeping twice, and observed more than once texting and talking on a personal cellphone. His supervisor's warnings about sleeping and using his cellphone on the job were met with argument. These lapses implicated Twenty-First Century's written policy, which informed employees that unsatisfactory conduct or unacceptable behavior (such as failure to report to work regularly and punctually) could result in termination. Based on these infractions, Twenty-First Century fired Mr. Lewis after the end of the probationary period. Mr. Lewis's position was filled by an older employee.

Mr. Lewis sued Twenty-First Century, alleging age discrimination under the Age Discrimination and Employment Act, 29 U.S.C. §§ 621-634 (2012), and race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (2012). The district court granted Twenty-First Century's motion for summary judgment on both claims.

Mr. Lewis appealed. Because Mr. Lewis proceeds pro se, we construe his arguments liberally but "do not assume the role of advocate." *See United States v. Viera,* 674 F.3d 1214, 1216 n.1 (10th Cir. 2012) (quoting *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

## II.  Our Standard of Review

We engage in de novo review, applying the same standard that the district court applied and viewing the evidence in the light most favorable to Mr. Lewis. *McBride v. Peak Wellness Ctr., Inc.,* 688 F.3d 698, 703 (10th Cir. 2012). Summary judgment was appropriate if "there [was] no genuine dispute as to any material fact and [Twenty-First Century was] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.  The Burden-Shifting Framework

When a plaintiff alleges discrimination but offers no direct evidence of discrimination, the district court considers summary judgment motions under the *McDonnell Douglas Corp. v. Green* burden-shifting framework. 411 U.S. 792, 802–805 (1973). Under this framework, the plaintiff bears the initial burden to establish a prima facie case of discrimination. *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1113 (10th Cir. 2007). If a plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a facially nondiscriminatory reason for its actions. *Id.* If the defendant satisfies that burden, the employee would bear the burden to prove the defendant's actions were discriminatory, which the employee

3

could do by showing defendant's "proffered reason is a pretext for illegal discrimination." *Id.* (quoting *Ingels v. Thiokol Corp.*, 42 F.3d 616, 621 (10th Cir. 1994)).

## IV.    The Age Discrimination Claim

Mr. Lewis alleges age discrimination under the Age Discrimination and Employment Act, 29 U.S.C. §§ 621-634 (2012). Proceeding pro se, Mr. Lewis appears to be arguing that the district court erred in concluding he had not established a prima facie case of age discrimination. Because the district court concluded that Mr. Lewis had not presented any direct evidence of discrimination, the court analyzed Mr. Lewis's age discrimination claim under *McDonnell Douglas*. In doing so, the court determined that Mr. Lewis had not established a prima facie case because he had failed to provide evidence that his work was satisfactory. In our view, that conclusion was proper. Therefore, we affirm the district court's grant of summary judgment to Twenty-First Century on the age discrimination claim.

## V.    The Race Discrimination Claim

Mr. Lewis also alleges race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (2012). Again finding no direct evidence of discrimination, the district court analyzed Mr. Lewis's claim under the burden-shifting framework of *McDonnell Douglas*. The court assumed without deciding that Mr. Lewis had

4

established a prima facie case of race discrimination. Thus, the burden shifted to Twenty-First Century to show a nondiscriminatory reason for terminating Mr. Lewis.

As evidence of a non-discriminatory purpose, Twenty-First Century pointed out that Mr. Lewis had missed too many work days, slept at work, used his personal cellphone at work, and reacted argumentatively when warned about his cellphone usage. After finding that any one of these policy violations could serve as a nondiscriminatory reason for the firing, the court placed the burden on Mr. Lewis to show by a preponderance of the evidence that Twenty-First Century's explanation was pretextual. The district court concluded that Mr. Lewis was unable to meet this burden, and we agree for substantially the same reasons stated by the district court.

## VI.   Conclusion

We affirm the award of summary judgment to Twenty-First Century.

Entered for the Court


Robert E. Bacharach
Circuit Judge