**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES LEVI EDMONDSON,

    Defendant - Appellant.

No. 16-5003
(D.C. Nos. 4:15-CV-00161-GKF-TLW and
4:10-CR-00195-GK-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

    James Edmondson seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss the appeal.

**I**

    Pursuant to a plea agreement, Edmondson pled guilty to one count of possessing methamphetamine with the intent to distribute. As part of the plea agreement, Edmondson agreed to waive his right to appeal or collaterally attack his conviction and sentence, except for ineffective assistance of counsel claims challenging the validity of his guilty plea or waiver of appellate and post-conviction

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rights. Edmondson affirmed to the court that he understood the plea agreement and waivers, that he could be sentenced to twenty years' imprisonment, and that the court could determine he was responsible for a greater amount of methamphetamine and pseudoephedrine than he stipulated to personally possessing. The court accepted his guilty plea.

The presentence report ("PSR") recommended holding Edmondson responsible for a substantially larger quantity of pseudoephedrine than the parties had stipulated he personally possessed, and recommended that Edmondson not receive an acceptance-of-responsibility reduction. Edmondson objected. The district court overruled his objections and sentenced Edmondson to 210 months' imprisonment— the bottom of his Guidelines range.[1]

Edmondson filed a § 2255 motion alleging ineffective assistance of trial counsel. He argued that counsel: (1) failed to appeal his sentence; (2) filed too many objections to the PSR, causing him to lose his acceptance-of-responsibility reduction; and (3) failed to argue for credit as to time served in a related state court case. He also claimed that the government breached the plea agreement, causing him to be held responsible for a higher quantity of drugs than the parties had stipulated to in the plea agreement, and that counsel failed to argue breach at sentencing.

The district court granted the government's motion to dismiss Edmondson's § 2255 motion, holding that his first three claims concerned his attorney's alleged

---

[1] The court later granted a motion for a reduction in the term of imprisonment to 168 months.

2

ineffectiveness at or after sentencing, and thus fell within the scope of the appellate and post-conviction waivers contained in the plea agreement. It further held that the government had not committed a material breach of the plea agreement. The district court declined to issue a COA. Edmondson now seeks a COA from this court.

## II

To obtain a COA, Edmondson must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). A defendant may waive his right to bring ineffective assistance of counsel claims which do "not challenge counsel's representation in negotiating or entering the plea or the waiver." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). When a defendant waives his right to bring a collateral attack in a plea agreement and later brings a § 2255 motion, a court must consider: (1) whether the claims asserted fall within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Viera, 674 F.3d 1214, 1217 (10th Cir. 2012).

In his request for a COA, Edmondson argues the merits of his first three ineffective assistance of counsel claims. Even construing his pro se filings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), he does not challenge the district court's conclusions that his claims fall within the scope of the waiver, that he

3

knowingly and voluntarily waived his post-conviction rights, or that enforcing the waiver results in a miscarriage of justice.[2] Nor does Edmondson advance any claim that the government breached the plea agreement. In any event, we agree with the district court as to each of these issues. Thus, Edmondson has not shown that reasonable jurists would find debatable the district court's holding that the appellate waiver was enforceable.

## III

We **DENY** a COA and **DISMISS** the appeal. Edmondson's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] Edmondson did assert in his notice of appeal that counsel coerced him into signing the post-conviction waiver. However, he does not explain the contradiction between this assertion and his acknowledgments in both the plea agreement and the plea colloquy that he knowingly and voluntarily waived his right to collateral review and pled guilty. Thus, his notice of appeal does not show that reasonable jurists would debate whether he knowingly and voluntarily waived his post-conviction rights. See United States v. Tanner, 721 F.3d 1231, 1234 (10th Cir. 2013) (combination of clear plea agreement and colloquy often conclusive of knowing and voluntary waiver).

4