**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MENDY READ-FORBES,

    Defendant - Appellant.

No. 19-3268
(D.C. Nos. 2:19-CV-02530-KHV &
2:12-CR-20099-KHV-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **HOLMES**, Circuit Judges.
_____

Mendy Read-Forbes, a federal prisoner proceeding through counsel, seeks a

certificate of appealability (COA) to appeal the district court's order dismissing her

28 U.S.C. § 2255 motion as an unauthorized second or successive § 2255 motion for lack

of jurisdiction. We deny a COA and dismiss this matter.

Ms. Read-Forbes pleaded guilty to one count of conspiracy to commit money

laundering in violation of 18 U.S.C. § 1956(a)(3)(B). She was sentenced to 240 months'

imprisonment. Upon the government's motion, we enforced the appeal waiver in her

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

plea agreement and dismissed her direct appeal. Ms. Read-Forbes next filed her first § 2255 motion based on ineffective assistance of counsel. The district court denied the motion, and we denied a COA. In 2018, Ms. Read-Forbes sought authorization from this court to file a second or successive § 2255 motion in district court, relying on newly discovered evidence that privileged attorney-client communications were recorded while she was an inmate at Leavenworth prison in violation of her Sixth Amendment rights. We denied authorization because she failed to show "this evidence, 'if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that *no reasonable factfinder would have found her guilty of the offense*.'" Order at 2, No. 18-3146, *In re Read-Forbes* (10th Cir. July 26, 2018) (alteration omitted) (quoting 28 U.S.C. § 2255(h)(1)). On September 9, 2019, she filed the underlying § 2255 motion in district court, again arguing that the improper recording of privileged attorney-client communications violated her Sixth Amendment rights. The district court determined that the motion was an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction.

Ms. Read-Forbes now seeks a COA under 28 U.S.C. § 2253(c) to appeal from that dismissal. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court dismissed her petition on procedural grounds, to obtain a COA Ms. Read-Forbes must demonstrate *both* "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "that jurists of reason would find it debatable whether the district court was correct in its

2

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not reach the constitutional component of this standard since it is apparent Ms. Read-Forbes cannot meet her burden on the procedural one. *See id.* at 485.

A prisoner may not file a second or successive § 2255 motion without authorization from this court. 28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h). The district court lacks jurisdiction to consider the merits of a second or successive § 2255 motion absent authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In her motion filed in district court, Ms. Read-Forbes claimed the Kansas U.S. Attorney's Office violated her Sixth Amendment rights by improperly obtaining 32 attorney-client calls between her and her attorneys. This evidence was newly discovered as part of another criminal matter related to allegations of improper recordings at Leavenworth prison. In that matter, Chief Judge Robinson made findings in August 2019 regarding the government's possession of recorded phone calls between Ms. Read-Forbes and her attorneys. In her motion, Ms. Read-Forbes acknowledged that she already raised this issue in her unsuccessful motion for authorization to file a successive motion. But her most recent motion seems to include additional attorney-client calls.

The district court recognized that this new evidence might support a legal challenge that the government violated her Sixth Amendment rights. But "[b]ecause [Ms. Read-Forbes] did not receive authorization from the Tenth Circuit" to file her § 2255 motion, Aplt. App. at 84, the district court dismissed the motion for lack of jurisdiction and denied a COA.

In her application to this court, Ms. Read-Forbes fails to even address the standard for issuance of a COA, let alone apply it. She instead devotes her briefing to arguing the merits of her Sixth Amendment claim and attempting to circumvent the applicable standard by asking for relief through other means, including declaratory relief pursuant to 28 U.S.C. §§ 2201(a) and 2202; a writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651; and "more traditional" habeas relief pursuant to 28 U.S.C. § 2241, Aplt. Opening Br. at 24. Ms. Read-Forbes did not present these avenues of relief to the district court within the motion under review, so we decline to consider them for the first time in her COA application.[1] *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (stating our general rule that we will not consider issues for the first time on appeal absent extraordinary circumstances). Nor do we comment on her ability to obtain authorization under § 2255(h) to file a successive § 2255 motion based on any additional newly discovered evidence; she has not sought such authorization from this court under § 2255(h)(2).

We conclude that reasonable jurists could not debate that the district court was correct in its procedural ruling that Ms. Read-Forbes's motion was an unauthorized second or successive § 2255 motion over which it lacked jurisdiction, and

---

[1] We note that Ms. Read-Forbes separately filed a "Petition for Writ of Audita Querela or Other Appropriate Relief Pursuant to the All Writs Act 28 U.S.C. 1651" in the district court, which remains pending. She filed that petition after she filed the § 2255 motion that underlies this matter. The district court has stayed that motion pending our decision in this appeal and will consider her claims in the first instance.

4

Ms. Read-Forbes has not offered any argument to the contrary. Accordingly, we deny a COA and dismiss this matter.

We grant Ms. Read-Forbes's motion to proceed without prepayment of costs or fees. Nevertheless, she is required to pay all filing and docketing fees to the Clerk of the District Court. Only prepayment of fees is waived, not the fees themselves. *See* 28 U.S.C. § 1915(a)(1). We deny her motion to seal as moot because the court seals motions to proceed without prepayment of costs or fees as a matter of course.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk