**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**September 4, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

TERESITA REYES,

    Plaintiff - Appellant,

v.

MCDONALD'S CORPORATION OF
ILLINOIS; MCDONALD'S
RESTAURANT NO. 11148 &
EMPLOYEES CONCERNED; FORT
COLLINS POLICE DEPARTMENT,

    Defendants - Appellees.

No. 24-1211
(D.C. No. 1:23-CV-02671-LTB-SBP)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.

_____

Teresita Reyes, proceeding pro se, appeals the district court's dismissal

of her pro se complaint.[1] Reyes also requests to proceed in forma pauperis (IFP)

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Reyes proceeds pro se on appeal, we liberally construe her filings, but we do not serve as her advocate. _See United States v. Pinson_, 584 F.3d 972, 975 (10th Cir. 2009).

on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm, and we deny her IFP motion.

## BACKGROUND

### I.    Factual Background[2]

Reyes is 68 years old and has a disability that requires her to use a walker. On September 25, 2023, she visited the drive-thru at a McDonald's restaurant in Fort Collins, Colorado and ordered a milkshake without whipped cream. But Reyes received a milkshake with whipped cream. Frustrated by the whipped-cream error, Reyes asked to speak with the manager and was told to wait in the parking lot. When the manager approached Reyes, the manager blamed Reyes for the mishap and denied Reyes a refund, prompting Reyes to call 911. Before police officers arrived, the manager returned to Reyes's vehicle, threw money and a receipt at Reyes, and told Reyes not to return. The manager also accused Reyes of trespassing. When officers arrived, Reyes sought their assistance to obtain security-camera footage of the incident, but the officers informed her that no camera covered the parking lot.

After the incident, Reyes visited the McDonald's website and informed the company about the assault. A month later, McDonald's told Reyes that she

---

[2] We draw these facts from the final amended complaint and accept them as true. *See VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1156 n.1 (10th Cir. 2021).

must waive her right to a jury trial to continue resolving her complaint through the company's website.

## II.    Procedural Background

In October 2023, Reyes filed a pro se complaint. Reviewing the complaint to determine whether it "fails to state a claim on which relief may be granted," the magistrate judge ordered Reyes to file an amended complaint that complied with Federal Rule of Civil Procedure 8's pleading requirements. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). After the filing of several more amended complaints and orders to comply with Rule 8, the magistrate judge gave Reyes "one final opportunity to file a pleading that provides a short and plain statement of [her] claims." R. at 150.

Reyes then filed her final amended complaint, which names as defendants the McDonald's restaurant, the McDonald's corporation, and the Fort Collins Police Department. Reyes advances ten claims for relief: three claims under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181–12189; two claims under Title II of the Civil Rights Act, 42 U.S.C. §§ 2000a–2000a-6; one claim under 42 U.S.C. § 1983; and four claims under Colorado law. For the ADA claims, Reyes alleges that McDonald's "discriminated against [her] on the basis of [her] disability by" demanding that she not to return to the restaurant. R. at 197. She also claims as disability discrimination McDonald's conditioning access to its website on a waiver of her jury-trial right. For the Civil Rights Act claims, Reyes alleges that the manager denied

3

her access to the restaurant because of Reyes's "age, disability, ethnicity and country of origin." *Id.* at 198. Reyes advances her § 1983 claim against the Fort Collins Police Department, and she alleges that the department's responding officers violated her due process rights.

Reviewing the final amended complaint, the magistrate judge concluded that Reyes had not stated a federal claim for relief. *Reyes v. McDonald's Corp. of Ill.*, No. 23-CV-02671, 2024 WL 2316083, at *5–6 (D. Colo. Mar. 19, 2024). The magistrate judge recommended that Reyes's federal claims be dismissed and that the court not exercise supplemental jurisdiction over the state-law claims.[3] *Id.* at *7.

The district court reviewed de novo the magistrate judge's recommendations and Reyes's final amended complaint. Concluding that Reyes had failed to state a federal claim for relief, the district court adopted the magistrate judge's recommendations, declined supplemental jurisdiction over the state-law claims, and dismissed the final amended complaint without prejudice. Reyes timely appealed.

## DISCUSSION

Reyes appeals the district court's dismissal of her final amended complaint. But rather than arguing that the district court erred, Reyes treats her

---

[3] The magistrate judge noted that the district court lacked original jurisdiction over the state-law claims because Reyes is a resident of Colorado and the Fort Collins Police Department is a defendant. *Reyes*, 2024 WL 2316083, at *4.

opening brief as an amended complaint, adding new facts and claims. Reyes misuses her brief. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."). Briefs do "not serve as a second-shot forum where secondary, back-up theories may be mounted for the first time." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011) (cleaned up). And when parties raise "issues for the first time on appeal," we refuse to consider them. *United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012). So we decline to address most of Reyes's brief.[4]

Construing Reyes's brief liberally, we understand Reyes to argue that her final amended complaint stated federal claims for relief. We review de novo the district court's dismissal of an IFP complaint for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1158 (10th Cir. 2021) (cleaned up). A claim has facial plausibility if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." *Id.* (cleaned up). In

---

[4] Reyes filed a "Motion to Amend," seemingly seeking to add more new claims to her brief. Unrepresented Appellant's Mot. to Amend, *Reyes v. McDonald's Corp. of Ill.*, No. 24-1211 (10th Cir. filed Aug. 5, 2024), ECF No. 11110221. Because we will not consider new claims for relief on appeal, we deny her motion.

considering whether a claim has facial plausibility, "[w]e must disregard conclusory allegations"—allegations that assert "inference[s] . . . without stating underlying facts or including any factual enhancement." *Matney v. Barrick Gold of N.A.*, 80 F.4th 1136, 1144–45 (10th Cir. 2023) (cleaned up).

Reyes's final amended complaint fails to state a federal claim for relief. To state a claim under Title III of the ADA, Reyes must allege, among other things, that she was "discriminated against on the basis of disability." 42 U.S.C. § 12182(a). And to state a claim under Title II of the Civil Rights Act, Reyes must allege that she was discriminated against "on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). But Reyes has pleaded only conclusory allegations about the reasons for her discrimination under both statutes: Reyes states that the manager denied her access to the McDonald's on the "basis of [her] disability," R. at 197, and because of her "race and country of origin," *id.* at 200. Likewise, Reyes pleads that the company's website discriminated against her because of her disability. Reyes has not supported these allegations with "underlying facts," so we must disregard them. *See Matney*, 80 F.4th at 1144 (cleaned up). With these allegations set aside, Reyes's complaint fails to state a claim under the ADA and the Civil Rights Act.

Reyes's § 1983 claim suffers similar defects. Because Reyes advances her § 1983 claim against the Fort Collins municipality, not individual officers,

6

she must identify "an official policy or custom" that caused her injury.[5] *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013) (citation omitted). Reyes's complaint alleges misdoings by the responding police officers, but it identifies no official policy or custom that injured her. Thus, Reyes has not stated a claim under § 1983.

Reyes also seeks to proceed IFP on appeal. We grant IFP motions when appellants show (1) "a financial inability to pay the required filing fees" and (2) "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (cleaned up). Because Reyes hasn't made a nonfrivolous argument, we deny her IFP motion.

## CONCLUSION

For all these reasons, we deny Reyes's IFP motion, deny her motion to amend, and affirm.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[5] Reyes names as defendant the Fort Collins Police Department, not the Fort Collins municipality. But the police department "is not a separate suable entity" under § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985). We consider Reyes's § 1983 claim as if she brought it against the municipality.

7