**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**October 2, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

VIVEK LAKHUMNA,

    Plaintiff - Appellant,

v.

CAPTAIN BRADBURY;
LIEUTENANT FNU EDDLEMAN;
ROBBY KEMPLE, Officer;
CHARLES MASON, Lieutenant,
disciplinary hearing officer;
LIEUTENANT PEI; OFFICER FNU
QUAYLE; OFFICER JUSTIN
RAMIREZ; CASE MANAGER FNU
TOONE; CHAPLIN D. WEBER;
SHAYNE WOOD, Lieutenant; FNU
MAUGHAN; DOYLE PECK; FNU
YAHNE; SGT. MESSINGER;
SHARITY SCHILTZ,

    Defendants - Appellees.

No. 23-4133
(D.C. No. 4:18-CV-00081-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT\***
_____

Before **PHILLIPS**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Plaintiff Vivek Lakhumna, a Utah state prisoner appearing pro se, filed this action alleging his constitutional rights were violated over the course of several years while he was incarcerated at multiple state and county facilities. The district court dismissed certain of the named defendants and ordered the remaining defendants to file *Martinez* reports[1] and dispositive motions. After receiving those reports and motions, the district court granted summary judgment in favor of the remaining defendants. Lakhumna now appeals. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

Lakhumna is an inmate in the custody of the Utah Department of Corrections (UDC). Lakhumna participated in UDC's Inmate Placement Program (IPP), which sends eligible UDC inmates to counties that have contracted with the State to provide jail housing. As a result, Lakhumna was, at the times relevant to this action, housed in facilities UDC operated, as well as in different county jails in Utah. This included the Central Utah Correctional Facility (CUCF), which was operated by UDC, and the Beaver

---

[1] *See Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978) (approving the district court's practice of ordering prison administration officials to investigate and prepare substantive reports in response to prisoner civil rights complaints).

2

County Jail (BCJ), the Cache County Jail (CCJ), and the Uintah County Jail (UCJ).

At each of these facilities, Lakhumna communicated with staff members about his need for meals that adhered to the Hindu religion, as well as access to items (e.g., prayer beads) he believed necessary for Hindu religious observances. Lakhumna alleges that a few staff members refused to accommodate him, while most others attempted in some way to accommodate his requests. At some of the facilities, Lakhumna complained that the meals he was provided, though vegetarian, did not contain sufficient protein or calories. He also complained, on at least one occasion, that the kitchen staff was not properly preparing his meals.

Each facility had in place a three-level comprehensive grievance system that allowed inmates to file complaints about any aspect of their incarceration and request a remedy. At many of the facilities, Lakhumna filed formal grievances complaining about his diet, his lack of access to religious items, and other matters. In most instances, however, those grievances were denied and Lakhumna did not exhaust the administrative remedies that were available to him.

In 2018, while he was housed at CUCF, Lakhumna was charged with two disciplinary infractions. The first charge was based on a letter Lakhumna sent to CUCF corrections officer Justin Ramirez shortly after he

arrived at CUCF. Lakhumna stated in the letter that two items of his personal property were missing, and he threatened to take Officer Ramirez to federal court if the items were not returned. After discussing the letter with his sergeant, Officer Ramirez filed an incident report charging Lakhumna with extortion in violation of UDC policy.

A disciplinary hearing was held on October 23, 2018. The hearing officer, Lieutenant Charles Mason, found Lakhumna guilty of violating UDC policy and fined him $70.00. Lakhumna unsuccessfully appealed Lt. Mason's decision.

The second charge occurred in September 2018. Robby Kemple, a CUCF corrections officer, observed Mr. Lakhumna wearing bright orange clogs in a general population area. Officer Kemple informed Lakhumna the clogs were not allowed at CUCF and gave him the option of either sending them out of the facility or receiving an incident report for possessing contraband. Lakhumna asked for the shoes to be confiscated and to receive a write up. Accordingly, Officer Kemple prepared an incident report charging Lakhumna with possession of contraband.

A disciplinary hearing was held on September 25, 2018. The hearing officer, Lieutenant Shayne Wood, found Lakhumna guilty of possessing contraband and fined him $40.00. Lakhumna appealed Lt. Wood's decision. A grievance coordinator at CUCF denied the appeal.

4

II

Lakhumna initiated these proceedings in December 2018 by filing a pro se civil rights complaint asserting claims under 42 U.S.C. §§ 1983 and 1985. Lakhumna thereafter amended his complaint five times. The fifth amended complaint named twenty-eight individual defendants. The fifth amended complaint in turn asserted three causes of action arising out of Lakhumna's incarceration at the CCJ, BCJ, UCJ, and UDC facilities: (1) deprivation of the right to the free exercise of religion (i.e., the denial of religious meals and items); (2) deprivation of the right to petition the government for the redress of grievances; and (3) deprivation of the right to due process and equal protection.

The district court screened the fifth amended complaint and dismissed ten of the twenty-eight named defendants, concluding Lakhumna failed to "affirmatively link . . . his claims [to] these defendants." R. I at 405. The district court also granted UDC's motion to dismiss three of the named UDC defendants on the basis that the claims asserted against them were untimely. The district court directed the remaining defendants to file *Martinez* reports and dispositive motions.

As directed, the remaining defendants filed *Martinez* reports and summary judgment motions. After reviewing those reports and motions,

the district court issued three memorandum decisions and orders granting summary judgment in favor of all defendants.

Lakhumna now timely appeals.

III

In this appeal, Lakhumna challenges the district court's grant of summary judgment in favor of the BCJ, CCJ, UCJ, and UDC defendants. We review de novo the district court's summary judgment rulings, viewing the evidence in the light most favorable to Lakhumna, the non-moving party. *Davidson Oil Co. v. City of Albuquerque*, 108 F.4th 1226, 1230 (10th Cir. 2024). "A court should grant summary judgment if it determines no genuine dispute exists about any material fact and the movant is entitled to judgment as a matter of law." *Id.* at 1230–31 (citing Fed. R. Civ. P. 56(a)). Because Lakhumna is proceeding pro se, we liberally construe his pleadings but "will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

A

Lakhumna begins by challenging the district court's conclusion that he failed to exhaust his administrative remedies with respect to his claim that Sergeant Mark Messinger of BCJ failed to accommodate his Hindu dietary requirements. According to Lakhumna, he "received a response to [his] level one grievance" against Sgt. Messinger "on June 6th, 2018," and

"was promptly moved from BCJ" that same day. Aplt. Br. at 4. As a result, he argues, the administrative remedies normally available to BCJ inmates "were not 'available' to [him] once he was moved from BCJ." *Id.* He further argues that he was transferred out of BCJ in retaliation for filing the level one grievance against Sgt. Messinger.

Under the Prison Litigation Reform Act of 1996 (PLRA), 42 U.S.C. § 1997e, a prisoner must exhaust all available administrative remedies before filing an action under 42 U.S.C. § 1983. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Proper exhaustion demands compliance with [a prison's] deadlines and other critical procedural rules . . . ." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). A defendant has the burden of asserting the affirmative defense of failure to exhaust and proving that the plaintiff failed to utilize or exhaust administrative remedies. *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). If a defendant shows the plaintiff failed to exhaust, the burden shifts to the plaintiff to show the remedies were unavailable. *Id.* Remedies are unavailable under the PLRA when "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of the administrative remedy." *Id.* at 1252 (brackets omitted) (quoting *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010)). Factual disputes about administrative exhaustion are properly resolved by district courts at the

summary judgment stage rather than being passed on to a jury. *Estrada v. Smart*, 107 F.4th 1254, 1262 (10th Cir. 2024).

Here, it is undisputed that Lakhumna did not exhaust all of the administrative remedies that were in place at BCJ. More specifically, it is undisputed that Lakhumna filed only a level one grievance regarding Sgt. Messinger and, after that was denied, did not pursue level two or level three grievances. Thus, the burden is on Lakhumna to show the remedies offered by BCJ were unavailable to him. Although Lakhumna attempts to do so by arguing that his transfer from BCJ to CCJ made it impossible for him to exhaust the remedies provided by BCJ, we reject that argument. As the district court noted, Lakhumna "offer[ed] *no evidence* about the timeline for any efforts or arrangements he could have made to complete the grievance process after leaving BCJ." R. II at 774. In other words, Lakhumna failed to explain why "he could [not] have tried to arrange to finish [BCJ's] grievance process by mail or perhaps with his new facility's help." *Id.* at 773. We likewise note that there is no evidence that Sgt. Messinger or anyone else at BCJ was responsible for Lakhumna's transfer from BCJ to CCJ. We therefore find no basis for concluding that prison officials prevented, thwarted, or hindered Lakhumna's efforts to pursue the available BCJ administrative remedies.

B

In his second issue on appeal, Lakhumna challenges the district court's grant of summary judgment in favor of Sergeant Sharity Schiltz of UCJ. Lakhumna disputes the district court's conclusion that Sgt. Schiltz was entitled to qualified immunity.

A defendant in a § 1983 suit who asserts the affirmative defense of qualified immunity is presumptively immune from suit. *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021). "To overcome this presumption, the plaintiff must show (1) the defendant's actions violated a constitutional or statutory right, and (2) that right was clearly established at the time of the defendant's complained-of conduct." *Id.* "A right is clearly established when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains." *Id.* (internal quotation marks omitted). "Thus, the contours of the right must be sufficiently clear so that a reasonable official would understand that what he is doing violates the right." *Id.* (brackets and internal quotation marks omitted).

Lakhumna asserted that Sgt. Schiltz violated his First Amendment right to free exercise of his Hindu religion by not fully granting his requests for "religious meals, religious services and religious items." R. I at 336. Although he acknowledged that Sgt. Schiltz "approved the removal of meat,

9

fish and eggs from [his] diet," he asserted that she "ignored" all "other food preparation criteria." *Id.* at 441–442. He also asserted that Sgt. Schiltz violated his Fourteenth Amendment right to due process and equal protection by "not treat[ing] [him] equally in regard[] to religious meals." R. I at 340. He asserted in support that UCJ provided Jewish and Muslim inmates with Kosher and Halal meals, but denied him religious meals solely because he was Hindu.

In addressing Lakhumna's First Amendment free-exercise claim, the district court noted he "concede[d] that [Sgt.] Schiltz approved his religious dietary request," and that his real complaint was that the food was not properly prepared in accordance with Hindu scriptures. R. II at 785. The district court in turn noted it was undisputed that Sgt. Schiltz had no involvement in the actual planning and preparation of Lakhumna's meals, and instead it was UCJ's dietitian who planned the meals and UCJ's culinary staff who prepared and served the meals. The district court also noted that, in any event, Lakhumna failed to submit any "admissible evidence of what criteria he may have given [Sgt.] Schiltz from Hindu scriptures to guide preparation of meals for a practitioner of . . . Hinduism." *Id.* at 788. As for his requests for certain religious items, the district court noted the record was undisputed that Sgt. Schiltz approved Lakhumna to take the religious courses he requested and to possess certain religious

10

books so long as he complied with UCJ's book-possession policy, and she informed him he could purchase items from the commissary to construct an altar in his cell. For all of these reasons, the district court concluded Lakhumna failed to "adequately carr[y] his burden, with admissible evidence, to show that [Sgt. Schiltz] violated his federal constitutional right to religious access." *Id.* at 789.

Notably, Lakhumna does not attempt to rebut any, and indeed ignores most, of the district court's conclusions. Instead, he offers only the same conclusory arguments in his appellate brief that he made below. For example, he argues that Sgt. Schiltz "burdened his right to free exercise" because she "only approved a few of the required dietary criteria and ignored all other religious tenets." Aplt. Br. at 6. But he offers no explanation or evidence as to what those criteria are and no evidence that he ever provided those criteria to Sgt. Schiltz, the dietitian at UCJ, or UCJ's culinary staff. We therefore find no basis for concluding that the district court erred in granting summary judgment in favor of Sgt. Schiltz.

C

Lakhumna argues in his third issue on appeal that the district court erred in concluding he failed to exhaust his administrative remedies with respect to his claims against the CCJ defendants. According to Lakhumna, he "won all the relief that was available under [CCJ's] administrative

11

procedures." Aplt. Br. at 7. For example, he notes he "filed a level one grievance requesting his prayer beads be returned to him" and that "grievance was denied." *Id.* at 9. He argues "[t]here was no possibility of any further relief" and he "was required to do no more in order to exhaust his administrative remedies." *Id.*

We reject Lakhumna's arguments. The undisputed evidence in this case indicates that Lakhumna filed three level one grievances during his time at CCJ, but never appealed the decisions he received in response to any of those grievances. Although he asserts there was no possibility of any further relief, it is undisputed that CCJ had in place a three-level grievance process he could have utilized. As the district court correctly concluded, his failure to do so means he failed to exhaust his administrative remedies as required by the PLRA.[2] *See Ross v. Blake*, 578 U.S. 632, 639 (2016) (noting that "mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion"); *Woodford*, 548 U.S. at 90.

---

[2] Lakhumna also appears to argue, as he did with respect to his claim against Sgt. Messinger of BCJ, that he was moved from CCJ before he could exhaust his administrative remedies and therefore CCJ's administrative remedy process was not available to him after the move. We again reject this argument.

D

In his fourth and final issue on appeal, Lakhumna challenges the district court's grant of summary judgment in favor of the UDC defendants. More specifically, Lakhumna argues that he exhausted his administrative remedies with respect to his claims against the UDC defendants and that qualified immunity is unavailable to those defendants.

Lakhumna alleged that six of the ten UDC defendants—Captain David Bradbury, Lieutenant George Eddleman, Lieutenant Kopelani Pei, housing unit officer Blake Quayle, IPP manager Jeffrey Toone, and chaplain Duane Weber—violated his First Amendment right to free exercise of his Hindu religion by denying his requests for specific dietary accommodations and permission to possess certain religious items. The district court concluded that all six of these defendants were entitled to summary judgment on their affirmative defenses and that Lakhumna failed to exhaust the administrative remedies available to him in UDC's three-level grievance process. Specifically, the district court concluded the undisputed evidence established that Lakhumna "did not file any grievance to level three, as required by [UDC] policy." R. II at 875. Indeed, the district court concluded that Lakhumna filed only a level one grievance as to his claim against Lt. Eddleman, and no grievances as to his claims against the other five defendants.

13

In his appeal, Lakhumna asserts that UDC officials "failed to respond to the [level one] grievance" he filed regarding Lt. Eddleman "within the time limits contained in the grievance policy." Aplt. Br. at 12. This failure, Lakhumna argues, "rendered his administrative remedy unavailable" and meant that he exhausted his remedies with respect to his claim against Lt. Eddleman. *Id.*

Even assuming, for purposes of argument, that Lakhumna did not receive a response to his level one grievance against Lt. Eddleman, nothing in UDC's written grievance policy indicated that his administrative remedies would be considered exhausted.  To the contrary, UDC's written grievance policy specifically indicated that an inmate could submit the grievance to the next level of appeal if UDC staff did not respond to the initial grievance in a timely manner. We therefore reject Lakhumna's argument that he exhausted his remedies with respect to his claim against Lt. Eddleman.

Notably, Lakhumna makes no mention of the other five defendants. Consequently, we conclude he has waived appellate review of the district court's grant of summary judgment in favor of those five defendants. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) (noting that "[i]ssues not raised in the opening brief are deemed abandoned or waived").

As for the other four UDC defendants (Lt. Mason, Lt. Wood, Officer Kemple, and Officer Ramirez), Lakhumna alleged that they violated his Fourteenth Amendment rights to due process during his disciplinary hearings. More specifically, Lakhumna alleged that Lt. Mason and Lt. Wood violated his procedural due process rights by refusing to allow him to present witnesses or evidence at his disciplinary hearings. Lakhumna's claims against Officers Kemple and Ramirez were less clear. Liberally construing Lakhumna's fifth amended complaint and his response to the UDC defendants' motion for summary judgment, he appeared to allege that they both acted arbitrarily by charging him with disciplinary infractions for conduct that was not or should not have been prohibited.

With respect to the claims against Lt. Mason and Lt. Wood, the district court noted that Lakhumna failed to identify what witnesses or evidence he asked to present at his disciplinary hearings, the relevance of any such witnesses or evidence to the charges against him, or how such evidence would have affected the outcome of his disciplinary hearings. The district court therefore concluded Lakhumna failed to meet his burden under the first prong of the qualified immunity analysis of showing that these two defendants' actions violated a federal constitutional right. Lakhumna's appellate brief suffers from the same problem. As a result, we

15

affirm the district court's grant of summary judgment with respect to Lt. Mason and Lt. Wood.

That leaves Lakhumna's due process claims against Officers Kemple and Ramirez. Lakhumna alleged that it was arbitrary for Officer Kemple to classify the orange clogs as contraband because orange stocking caps were available for purchase in the commissary. And he alleged that the threat charge Officer Ramirez filed against him was arbitrary or improper because he was merely discussing his constitutional right to bring a lawsuit.

The district court concluded Officer Kemple was entitled to qualified immunity because Lakhumna pointed to no cases that were factually similar to his claim against Officer Kemple and thus failed to carry his burden of showing that his alleged due process rights were clearly established at the time Officer Kemple charged him with a disciplinary infraction. Although Lakhumna argues in his appellate brief that Officer Kemple was not entitled to qualified immunity, he fails to seriously challenge the substance of the district court's analysis. We therefore affirm the district court's grant of summary judgment in favor of Officer Kemple.

As for the claim against Officer Ramirez, the district court reviewed the Supreme Court and federal circuit cases Lakhumna cited and concluded only one, *Entler v. Gregoire*, 872 F.3d 1031 (9th Cir. 2017), was "factually close to" Lakhumna's case. R. II at 899. The district court concluded,

however, that because *Entler* was not a Supreme Court or Tenth Circuit case, it could not satisfy the weight-of-authority approach for demonstrating the due process right at issue was clearly established at the time of the alleged violation.

Lakhumna does not directly challenge the district court's analysis in his appellate brief. Instead, he attempts to reframe his claim against Officer Ramirez as one implicating his First Amendment rights rather than his due process rights, and he in turn cites to a new case, *Gee v. Pacheco*, 627 F.3d 1178 (10th Cir. 2010), that he did not cite below. We reject Lakhumna's attempt to reframe his claim on appeal. *See generally United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (noting "our general rule against considering issues [raised] for the first time on appeal").

IV

The judgment of the district court is AFFIRMED.

Entered for the Court

Richard E.N. Federico<br>Circuit Judge

17