FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**January 27, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JOSEPH LEE JONES,

    Petitioner - Appellant,

v.

JAY ARMBRISTER,

    Respondent - Appellee.

No. 24-3182
(D.C. No. 5:24-CV-03172-JWL)
(D. Kan.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Petitioner Joseph Lee Jones, a state prisoner in Kansas, seeks a certificate of

appealability ("COA") to challenge the district court's order dismissing his habeas corpus

petition under 28 U.S.C. § 2254. For the reasons stated below, we deny Mr. Jones a COA

and dismiss this matter.

## I.    BACKGROUND

Before the district court, Mr. Jones filed a petition for a writ of habeas corpus,

challenging his conviction in the District Court of Douglas County, Kansas. In his

petition, Mr. Jones stated he pleaded guilty and was convicted of forgery and identity

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

theft, but that his conviction was illegal. He stated four grounds for relief: first, he asserted a violation of his rights to due process of law, equal opportunity and protection under the law, and additional rights under the Americans with Disabilities Act; second, he claimed a violation of his First Amendment rights; third, he asserted a violation of his right to access the courts; and finally, he alleged a violation of his Eighth Amendment right "to not be coerced or influence[d]." ROA at 15. Mr. Jones generally alleged those rights were violated because he was a "sub-class of super-Humanity," and his access to communication and ability to conduct research were being impeded. *Id.* at 12.

The district court found the petition did not comply with the specificity requirements of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. The court stated it was "unable to determine the precise claims [Mr. Jones] wishe[d] to assert" because "none of the asserted grounds for relief obviously relate to [his challenged sentence] and the facts asserted in support of each ground do not obviously relate to the constitutional violation[s] he has alleged." *Id.* at 28. The court *sua sponte* granted Mr. Jones leave to file an amended petition that complied with the requirements of Rule 2(c).

Mr. Jones filed an amended petition which again challenged his conviction in the District Court of Douglas County. However, the petition was missing ten pages of the required form and did not list any grounds for relief, facts that might have supported such grounds, or requests for specific relief. The district court dismissed the amended petition without prejudice because it "fail[ed] to comply with Rule 2(c) and assert[ed] no particular grounds for relief." *Id.* at 78. The court also denied a COA.

2

Mr. Jones now requests a COA from this court. In his application for a COA, Mr. Jones admits that he "asserts facts that are [d]isorganized by his mental health problems," but nonetheless argues that "any [r]easonable person can understand that he is being held beyond his possible sentence without bail." COA Appl. at 2. In a supplemental filing, Mr. Jones raises new concerns regarding mail theft, being "held in a K.U. research facility jail," and the government's failure "to properly employ someone whom [*sic*] services are to be free." Supp. COA Appl. at 2, 4. He also argues he "made it clear" to the district court that he is "being held with the knowledge [he] will be held waiting on a bed" at a state hospital "for more than [his] probation sentence." *Id.* at 3. Mr. Jones asks for relief in the form of "[r]elease from [j]ail and any other relief such as [dismissal] of charges maybe." *Id.* at 4. Mr. Jones does not discuss the district court's denial of a COA nor the content of his petitions for writ of habeas corpus.

## II.    STANDARD OF REVIEW

To appeal the district court's denial of his § 2254 petition, Mr. Jones must first obtain a COA, which is available only if Mr. Jones can establish "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Making this showing requires Mr. Jones to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the district court concluded Mr. Jones had failed to meet this burden and denied him a COA.

3

Mr. Jones proceeds pro se. We construe a pro se litigant's pleadings liberally, holding them to a "less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). At the same time, "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks omitted). As such, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Kincaid v. Unified Sch. Dist. No. 500*, 94 F.4th 936, 947 (10th Cir. 2024) (quotation marks omitted).

## III.    DISCUSSION

Mr. Jones fails to meet the burden required to obtain a COA. We generally decline to reach an issue raised for the first time on appeal. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (declining to consider arguments for COA that pro se applicant failed to present in district court); *see also McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) (noting our general rule against considering new arguments on appeal). Here, to the extent we can discern Mr. Jones's arguments in support of a COA, they appear to be unrelated to the arguments advanced before the district court. Specifically, Mr. Jones asserts no arguments concerning the dismissal of his first habeas petition, which alleged violations of his First, Eighth, and Fourteenth Amendment rights, nor does he address the district court's dismissal of his amended petition for failing to state any grounds for relief. Instead, he asserts he "made it clear" to the district court he was being held beyond his probation sentence—an argument and

4

factual assertion that were not made in either of his petitions before the district court. We decline to consider the new arguments Mr. Jones raises for the first time in his application for a COA.

But even if we were to consider Mr. Jones's arguments on appeal, and liberally construing Mr. Jones's COA application as we must, Mr. Jones fails to meet his burden to obtain a COA. Although Mr. Jones has raised some additional concerns in his COA application, to the extent we can discern his arguments, none address the validity of his original petitions nor the soundness of the district court's dismissal. *See generally* COA Appl.; Supp. COA App.; *see also In re Allen*, No. 08-1464, 2008 WL 9497425, at *1 (10th Cir. Dec. 9, 2008) (unpublished) (denying authorization to file successive § 2254 petition where "we [could not] discern even the basic premise of [petitioner's] argument"). In the absence of any argument addressing his underlying petitions or the district court's reasoning, we cannot conclude that Mr. Jones has demonstrated that "the petition should have been resolved in a different manner or that the issues presented 'were adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). Consequently, Mr. Jones has failed to meet the required burden to obtain a COA.

## IV.    CONCLUSION

For the reasons stated above, we DENY Mr. Jones's application for COA and DISMISS this matter.


Entered for the Court


Carolyn B. McHugh
Circuit Judge